# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 09-60184-CR-ZLOCH/ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

PETER EDWIN STUYVESANT,

        Defendant.
_____/

# ORDER

This matter is before the Court upon Defendant Peter Edwin Stuyvesant's Motion for Return of U.S. Passport [D.E. 166] upon referral by the Honorable William J. Zloch. *See* D.E. 167. The Court has reviewed Defendant's Motion and the Government's Responses [D.E. 169; D.E. 171; D.E. 173]. In addition, the Court has expressly provided Defendant with an opportunity to respond to the Government's Responses, *see* D.E. 172, but Defendant, as is his right, has apparently chosen not to do so.

Defendant, who is presently incarcerated, seeks the return of his United States passport. The Government opposes Defendant's request, asserting that the United States Department of State has revoked Defendant's passport and that Defendant has not exhausted his remedies with the Department of State before seeking relief in this Court. In support of its position, the Government has submitted an August 30, 2011, letter from the Department of State to Defendant. This letter notes that the State Department has revoked Defendant's United States passport pursuant to 22

C.F.R. §§ 51.60(b)(2) and 51.62(a)(1).[1] *See* D.E. 173-1. The letter further advises Defendant, "You have a right to a hearing under Sections 51.70 through 51.74 of Title 22 of the U.S. Code of Federal Regulations, a copy of which is enclosed. This hearing would address the basis of the revocation. Should you desire such a hearing, you must notify this office in writing within 60 days of receipt of this notice. . . ." *Id.*

The Government submits that Defendant has not yet exhausted his remedies with the Department of State and suggests that he must do so before seeking relief from this Court.[2] *See* D.E. 173. The Court agrees. *See Agee v. Muskie*, 629 F.2d 80, 91-92 (D.C. Cir. 1980) (citing *Robeson v. Dulles*, 235 F.2d 810, 811 (D.C. Cir. 1956)), *reversed on different grounds sub nom Haig v. Agee*, 453 U.S. 280 (1981); *see also Parham v. Clinton*, 2009 WL 2870671, *9 (S.D. Tex. Aug. 31, 2009). Defendant has not demonstrated that he has exhausted his administrative remedies at this time. Nor

---

[1] Section 51.60(b)(2) states as follows:

> Denial, Revocation, and Restriction of Passports — (b) The Department may refuse to issue a passport in any case in which the Department determines or is informed by competent authority that: (2) The applicant is subject to a criminal court order, condition of probation, or condition of parole, any of which forbids departure from the United States and the violation of which could result in the issuance of a Federal warrant of arrest, including a warrant issued under the Federal Fugitive Act.

Section 51.62(a)(1) provides, "Revocation of Limitation of Passports — (a) The Department may revoke or limit a passport when: (1) The bearer of the passport may be denied a passport under 22 CFR 51.60 or 51.61; or 51.28; or any other provision contained in this part . . . ."

[2] Because the letter from the Department of State is dated August 30, 2011, Defendant appears not to have had the opportunity to exhaust his administrative remedies prior to seeking the return of his United States passport in this Court. Now that the letter has been provided, however, Defendant may exercise his right to seek a hearing regarding the Department of State's revocation of Defendant's United States passport.

has he advanced any basis that might justify non-exhaustion. Under these circumstances, the Court

**DENIES** Defendant's Motion for Return of U.S. Passport [D.E. 166].

**DONE AND ORDERED** this 13th day of September 2011.

_____
Robin S. Rosenbaum
United States Magistrate Judge

cc: Hon. William J. Zloch

All Counsel of Record